IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 6:14-CR-063 RC-JDL |
| | § | |
| JEREMY CHAD TIDWELL | § | |

## ORDER

Having considered Defendant's Motion for Release Pending Sentence (Docket No. 136) and the Government's response (Docket No. 137), the Court finds no reason to modify the findings contained in the Court's Detention Order of October 13, 2016 (Docket No. 120). Defendant's motion is DENIED and Defendant is detained pending sentence pursuant to 18 U.S.C. § 3143(a).

Section 3143(a) states in part:

[t]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of a sentence,…be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under § 3142(b) or (c).

In its Detention Order, the Court found that "[b]ased on the factors set [forth] in 18 U.S.C. § 3124(g), there is no condition or combination of conditions of release that will assure that Defendant Tidwell will not flee or pose a danger to the safety of any other person or the community." Doc. No. 120. Defendant has not brought to the Court's attention any new information or evidence since the date of the Order that would indicate otherwise. The Court now reaffirms its findings in its Order.

Furthermore, Defendant argues that release may be ordered pursuant to 18 U.S.C. § 1345(c) "if it is clearly shown that there are exceptional reasons why such a person's detention

would not be appropriate." Doc. No. 136 at 3. However, this section applies only upon "[a]n appeal from a release or detention order, or from a decision denying revocation." § 1345(c). Defendant has not sought an appeal of the detention order. Even so, Defendant has not shown any exceptional circumstance that would warrant a release pending sentence under this provision. *See United States v. Lacy*, 643 F.2d 284, 285 (5th Cir. 1981) ("Examples of such circumstances include the raising of substantial claims upon which the appellant has a high probability of success, a serious deterioration of health while incarcerated, and any unusual delay in the process of the appeal."). The Court takes into account that Defendants Jeremy Tidwell and Shanna Tidwell will seek staggered sentences to accommodate their family arrangements, but such circumstances do not rise to the level of exceptionalism as required by the Fifth Circuit to warrant Defendant's release.

Defendant is unable to meet his burden of showing by clear and convincing evidence that he would not be a flight risk or a danger to the community, nor can he avail himself of release pursuant to § 1345(c). Accordingly, the Court **DENIES** Defendant Jeremy Chad Tidwell's Motion for Release Pending Sentence (Doc. No. 136)

**So ORDERED and SIGNED this 7th day of December, 2016.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE