**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § | |
| **VS.** | § § | **CASE NO.  6:14CR00063 (01)** |
| **JEREMY TIDWELL** | § § | |

**SENTENCING MEMORANDUM**

Comes now the Defendant, JEREMY TIDWELL, and would file his Sentencing Memorandum, and would show this Honorable Court as follows, to wit:

I.

PROCEDURAL HISTORY

On November 12, 2014, Defendant JEREMY TIDWELL was indicted by a grand jury in and for the Eastern District of Texas alleging violations of 21 U.S.C. § 846 and various other charges. On December 3, 2014, Defendant was arrested on the Indictment and he was released two days later.  A Superseding Indictment was filed on February 19, 2015, charging the Defendant with 48 separate crimes.  In 2016, the Defendant tested positive for Marijuana and his bond was revoked.  Defendant Tidwell has been in custody since September 15, 2016, for the violation of bond.  On November 17, 2016, Defendant Tidwell entered a plea of guilty to a one-count Information alleging a violation of 18 U.S.C. §371, Conspiracy to commit offenses against the United States.

II.

SENTENCING MEMORANDUM

1. **Staggered Sentences -**

All objections have been resolved and Defendant Tidwell, after reviewing the revised Presentence Report, has no further objections.  As the Court is aware, Defendant and his wife, Shanna, are codefendants in this case.  Both defendants have agreed to binding plea agreements with the government which will require them both to serve prison sentences (60 months for Mr.

Tidwell and 30 months for Mrs. Tidwell). The defendants are asking for their sentences to be served one after the other or consecutively to one another for the following reasons:

The Tidwells have both agreed to serve terms of imprisonment. Incarcerating both at the same time would impose an undue hardship on the Tidwells as a family both emotionally and financially. The Tidwells have two children, ages 16 and 9. The PSR reflects that their children would be taken care of by an aunt, Carlene Shipp, if necessary. Ms. Shipp's plans have changed with her daughter receiving a scholarship offer to a school in Arkansas. Her plans are to move by the summer. Furthermore, counsel has spoken with Ms. Shipp and she would struggle financially to provide for her niece and nephew. The separation of both parents from the children's lives would be an emotional crisis for the family, potentially being uprooted from their hometown, their school and their friends. The only other relative that lives in the area is Shann's mother, who suffers from several severe medical issues, including heart problems that have required surgery and a recent diagnosis of cancer. She no longer can drive and is incapable both physically and financially of taking care of the children.

Furthermore, the financial impact would be devastating. With both in jail they could not continue to run their business and create income to sustain their residence and business activities. The business would have to be shut down and they would eventually be forced to sale all properties to survive. If the properties did not sale in a timely manner, the taxes owed on the properties could result in tax liens and ultimate foreclosures. The Tidwells currently owe more than $200,000.00 in federal income taxes after the seizure of their bank accounts in December of 2014. After paying federal, state, and local taxes on the residential and commercial property, along with income tax, their estate will be completely depleted. The PSR also reflects $121,000 in general debt.

The Tidwells understand that they are responsible for their criminal actions, but simply request the mercy of the court in allowing them to serve their sentences one after another, with Mrs. Tidwell being allowed to stay out of custody while Mr. Tidwell serves his sentence. If Mr. Tidwell qualifies for the drug treatment program, he would have approximately 26-30 months

remaining to serve on his sentence. In the converse, if Mrs. Tidwell were to serve her sentence first, she would serve approximately 12-15 months before her release from incarceration if she can participate in the drug treatment program. The Tidwells ask for this relief not for delay purposes, but for maintaining their family unit and their financial stability, what little remains.

   **2. Voluntary Surrender**

As noted above, Defendant Tidwell violated his conditions of release by testing positive for marijuana. Defendant has been in county jail now for 7 months because of those violations. Tidwell needs this time of 45 – 60 days to get numerous financial affairs in order, both business related and tax related. His ability to voluntarily surrender to BOP will potentially affect his placement in a certain security level within the BOP and will affect his financial stability as he reenters custody for service of sentence. Defendant is willing to submit to random urinalysis testing as well as any device such as sweat patch to prevent and detect any usage of marijuana. Defendant Tidwell ran the financial part of their marriage. The business they own has struggled in his absence, and numerous tax debts remain outstanding. Defendant needs this time to sort through these issues and get tax debts resolved. Additionally, if the Court deems staggered sentences appropriate and determines that Shanna Tidwell serve her sentence first, this request would be moot.

III.

CONCLUSION

Defendant JEREMY TIDWELL respectfully requests that the Court grant this motion and stagger the service of sentences by he and his wife, Shanna Tidwell. Defendant also requests his release from incarceration so that he may voluntarily surrender to the federal prison designated by BOP.

Respectfully Submitted,

/s/ Gregory A. Waldron
GREGORY A. WALDRON
ATTORNEY FOR DEFENDANT
State Bar No. 00788598
HOLMES & MOORE P.L.L.C.
P.O. Drawer 3267
Longview, Texas 75606
(903) 758-2200
Fax (903)758-7864

## CERTIFICATE OF SERVICE

I, Gregory A. Waldron, hereby certify that a true and correct copy of the foregoing motion has been emailed to Mary Ann Cozby, Assistant U.S. Attorney, at mary.ann.cozby@usdoj.gov and to Linda Wright-Bailey, U.S. Probation Officer, at Linda_Wright-Bailey@txep.uscourts.gov, on this the 4th day of April, 2017.

/s/ Gregory A. Waldron
Gregory A. Waldron

## CERTIFICATE OF CONFERENCE

Counsel for Defendant Jeremy Tidwell has spoken to AUSA Mary Ann Cozby and she is opposed to the granting of this motion.